# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMILY CARRINGTON, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. |
| SHARK BAR, LLC, d/b/a Sharky's Pub & Grub<br>Serve:  David Ben Lipe<br>       Registered Agent<br>       16 N. National Avenue<br>       Fort Scott, Kansas 66701 | ) ) ) ) ) ) ) |
| and | ) ) |
| DAVID BEN LIPE,<br>Serve:  1905 Indian Road,<br>       Fort Scott, Kansas 66701 | ) ) ) ) |
| and | ) ) |
| TINA LIPE<br>Serve:  1905 Indian Road,<br>       Fort Scott, Kansas 66701 | ) ) ) ) |
|     Defendants. | ) ) |

## **COMPLAINT**

Plaintiff Emily Carrington ("Plaintiff"), for her complaint against Shark Bar, LLC ("Sharky's"), David Lipe, and Tina Lipe, states as follows:

### **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is an individual residing in Fort Scott, Kansas. She is a former employee of Defendant Sharky's.

2. Defendant Sharky's is a Kansas Limited Liability Company authorized to do business in the State of Kansas and operating in Fort Scott, Kansas. Sharky's can be served through its registered agent, David Ben Lipe, at 16 N. National Avenue, Fort Scott, Kansas 66701.

1

3. Defendant David Ben Lipe is an individual residing in Fort Scott, Kansas. Mr. Lipe is the co-owner of Sharky's. He can be served at 1905 Indian Road, Fort Scott, Kansas 66701.

4. Defendant Tina Lipe is an individual residing in Fort Scott, Kansas. Ms. Lipe is the co-owner of Sharky's. She can be served at 1905 Indian Road, Fort Scott, Kansas 66701.

5. Plaintiffs' claims are brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e, *et seq.*) and Kansas common law.

6. The Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331.

7. The Court has jurisdiction over Plaintiff's Kansas common law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

## FACTUAL BACKGROUND

9. In June 2021, Plaintiff was hired to work at Sharky's in Fort Scott, Kansas.

10. Beginning shortly after the start of Plaintiff's employment, Mr. and Ms. Lipe began making "jokes" and comments suggesting that they wanted Plaintiff to take part in their relationship sexually.

11. On one occasion, Ms. Lipe exposed her breasts to Plaintiff while Plaintiff was working at Sharky's.

12. Plaintiff largely remained quiet in the face of Mr. and Ms. Lipe's advances.

13. When Plaintiff did respond, she firmly rejected Mr. and Ms. Lipe's suggestions that she take part in their relationship sexually.

14. On Saturday, September 18, 2021, Plaintiff was tasked with tending bar at a wedding as part of her employment with Sharky's.

15. After the wedding, Plaintiff went off the clock, left the wedding venue, and went to Sharky's with a group of friends and coworkers.

16. While at Sharky's, Plaintiff had multiple drinks.

17. At the end of the night, Plaintiff left Sharky's and waited with a group of people in the parking lot, including Mr. Lipe, outside for a friend to give her a ride home.

18. Mr. Lipe was sober at the time.

19. When he saw Plaintiff intoxicated, Mr. Lipe told the rest of the group to go back inside while he took care of Plaintiff.

20. After everyone else went inside, Mr. Lipe forced Plaintiff into her vehicle and attempted to engage her sexually.

21. Plaintiff did not consent to such an interaction with Mr. Lipe, and given her state of intoxication at the time, she was unable to consent to such an interaction with Mr. Lipe.

22. Shortly after Mr. Lipe forced Plaintiff into her vehicle, other people began filtering back out of Sharky's and into the parking lot.

23. Mr. Lipe backed off at that point, and Plaintiff ultimately made it safely back to her own home.

24. The following morning, Sunday, September 19, 2021, Plaintiff returned to work and attempted to put the events of the previous night behind her.

25. While working at Sharky's, Plaintiff overheard coworkers talking about what had happened between her and Mr. Lipe.

26. One coworker told another that Ms. Lipe was "mad that Emily (Plaintiff) didn't do her."

27. The following day, Monday September 20, 2021, Ms. Lipe sent a text message via the Sharky's employee groupchat, saying to Plaintiff "I. KNOW. WHAT. YOU. DID!"

28. Plaintiff attempted to explain to Ms. Lipe what had happened while being understanding of Ms. Lipe's feelings.

29. Ms. Lipe, rather than conduct an investigation into the matter, immediately concluded that the incident between Plaintiff and Mr. Lipe on the night of September 18 was Plaintiff's fault, rather than Mr. Lipe's.

30. Ms. Lipe continued to send angry and threatening text messages to Plaintiff both through the Sharky's employee groupchat and individually.

31. On Tuesday, September 21, 2021, Plaintiff received a message from another Sharky's manager, Sammie Gathercole, that Plaintiff should take a week off.

32. Upon receiving this message, Plaintiff messaged Mr. Lipe to ask what was going on, and to ask if she was being fired.

33. Mr. Lipe responded that as far as he knew, Plaintiff was not being fired, but that he would talk with Ms. Lipe about the issue.

34. Approximately 30 minutes later, Ms. Lipe called Plaintiff, screamed at her, told her never to come back to Sharky's or contact Mr. Lipe again, and summarily terminated her employment.

35. Plaintiff was an excellent employee, and prior to her termination, she had been subject to no disciplinary action and had been made aware of no issues with her performance that would have justified the termination.

36. On or around October 26, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

37. On May 20, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

## COUNT I – SEX DISCRIMINATION/HOSTILE WORK ENVIRONMENT (TITLE VII)
## PLAINTIFF'S CLAIM AGAINST SHARKY'S

38. Plaintiff Emily Carrington incorporates herein the allegations set forth above.

39. Plaintiff is female, a member of a protected class.

40. Mr. and Ms. Lipe, as Plaintiff's supervisors and employers, sexually harassed Plaintiff in the workplace multiple times, including when they made comments suggesting that they wanted Plaintiff to participate in their relationship sexually, when Ms. Lipe exposed her breasts to Plaintiff while at work, and when Mr. Lipe attempted to coerce Plaintiff into engaging in sex in the Sharky's parking lot.

41. The sexual harassment against Plaintiff by her supervisors, Mr. and Ms. Lipe, was severe and pervasive throughout her term of employment at Sharky's.

42. As Plaintiff's employer, Defendant Sharky's is vicariously liable for sexual harassment carried out against her by supervisors such as Mr. and Ms. Lipe.

43. As a direct and proximate result of Defendant Sharky's actions, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related non-economic damages for which she is entitled to an award of compensatory damages.

44. Defendant Sharky's creation of a hostile work environment for Plaintiff was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant Sharky's and deter Defendant and other from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Sharky's on Count I of her Complaint, a finding that she has been subjected to a hostile work environment in violation of Title VII, for an award of compensatory and punitive damages to be proven at trial, for an award of reasonable attorneys' fees and costs expended, and for such other and further relief as the Court deems just and proper.

**COUNT II – SEX DISCRIMINATION/WRONGFUL TERMINATION (TITLE VII)**
**PLAINTIFF'S CLAIM AGAINST SHARKY'S**

45. Plaintiff Emily Carrington incorporates herein the allegations set forth above.

46. Plaintiff is female, a member of a protected class.

47. Defendant Sharky's terminated Plaintiff's employment on or around September 21, 2021.

48. At the time of her termination, Plaintiff had no issues with her performance that would have justified termination.

49. The timing and circumstances of Plaintiff's termination, occurring days after she did not consent to the sexual advances of her supervisor, and without any investigation into the incident between Plaintiff and Mr. Lipe or any disciplinary action directed at Mr. Lipe for his role in the incident, create an inference that Plaintiff's termination was a result of unlawful sex discrimination.

50. As a direct and proximate result of Defendant Sharky's actions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

51. As a further direct and proximate result of Defendant Sharky's actions, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related non-economic damages such that she is entitled to an award of compensatory damages.

52. Defendant Sharky's discrimination against Plaintiff was willful and deliberate and done with reckless disgregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Sharky's on Count II of her Complaint, a finding that she has been subjected to unlawful sex discrimination in violation of Title VII, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest, for an award of compensatory and punitive damages, for an award of reasonable attorneys' fees and costs expended, and for such other and further relief as the Court deems just and proper.

### COUNT III – BATTERY
### PLAINTIFF'S CLAIM AGAINST DAVID BEN LIPE

53. Plaintiff Emily Carrington incorporates herein the allegations set forth above.

54. Defendant David Ben Lipe acted intentionally when he forced Plaintiff into her vehicle and attempted to engage her sexually.

55. Mr. Lipe's action in forcing Plaintiff into her vehicle and attempting to engage her sexually was unprivileged, as Plaintiff did not consent to the contact and she had consistently rejected both Mr. and Ms. Lipe's sexual suggestions.

56. Mr. Lipe's action in forcing Plaintiff into her vehicle and attempting to engage her sexually, when she was intoxicated and he was sober, was intended to cause harmful or offensive contact with Plaintiff.

57. Mr. Lipe did in fact cause such harmful and offensive contact with Plaintiff when he forced Plaintiff into her vehicle against her will, and attempted to engage her sexually.

58. As a result of Mr. Lipe's intentional act, Plaintiff foreseeably suffered humiliation, emotional distress, pain, suffering, mental anguish, and related non-economic damages for which she is entitled to an award of compensatory damages.

59. Mr. Lipe's intentional acts were willful and deliberate, such that Plaintiff is entitled to an award of punitive damages in an amount that will punish Defendant Mr. Lipe and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff Emily Carrington respectfully requests that the Court enter judgment in her favor and against Defendant David Ben Lipe on Count III of her Complaint, for an award of compensatory and punitive damages to be proven at trial; and for such other relief as the Court deems just and proper.

## COUNT IV – DEFAMATION
## PLAINTIFF'S CLAIM AGAINST TINA LIPE

60. In the aftermath of the incident between Plaintiff and Mr. Lipe in the Sharky's parking lot, Defendant Tina Lipe made false and defamatory statements about Plaintiff to a third party when she sent angry and threatening messages to and about Plaintiff on the Sharky's groupchat.

61. In addition, Plaintiff's coworker's statement that Ms. Lipe was "mad that Emily (Plaintiff) didn't do her" creates a reasonable inference that Ms. Lipe made false and defamatory statements about Plaintiff in person to Plaintiff's coworkers.

62. Ms. Lipe's false and defamatory statements about Plaintiff have directly and proximately resulted in harm to Plaintiff's reputation, in that they created a false perception of Plaintiff's sexual activity with Mr. Lipe.

63. Ms. Lipe's intentional acts were willful and deliberate, such that Plaintiff is entitled to an award of punitive damages in an amount that will punish Defendant Ms. Lipe and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff Emily Carrington respectfully requests that the Court enter judgment in her favor and against Defendant Tina Lipe on Count IV of her Complaint, for an award of compensatory and punitive damages to be proven at trial; and for such other relief as the Court deems just and proper.

### COUNT V – INVASION OF PRIVACY
### PLAINTIFF'S CLAIM AGAINST TINA LIPE

64. Ms. Lipe's statements about Plaintiff's actions, both on the Sharky's groupchat and to Plaintiff's coworkers, placed Plaintiff in a false light.

65. Ms. Lipe's false statements, concerning Plaintiff's sexual acts with her husband Mr. Lipe, are highly offensive to a reasonable person.

66. Ms. Lipe's false statements caused Plaintiff to foreseeably suffer humiliation, emotional distress, pain, suffering, mental anguish, and related non-economic damages.

67. Ms. Lipe's false statements were willful and deliberate, such that Plaintiff is entitled to an award of punitive damages in an amount that will punish Defendant Ms. Lipe and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff Emily Carrington respectfully requests that the Court enter judgment in her favor and against Defendant Tina Lipe on Count V of her Complaint, for an award of compensatory and punitive damages to be proven at trial; and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS, LLP**

/s/ *Kevin A. Todd*
Kevin A. Todd, KS 78998
ktodd@hkm.com
John Ziegelmeyer, KS No. 23003
jziegelmeyer@hkm.com
Brad Thoenen, KS No. 24479
bthoenen@hkm.com
1501 Westport Road
Kansas City, MO 64111
Phone and Fax: (816) 301-5430

ATTORNEYS FOR PLAINTIFF